## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> LITTLE HANDS CURIOUS MINDS, LLC and <br> JANNETH LOPEZ, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : Civil Action No. <br> : <br> : <br> : <br> : |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin LITTLE HANDS CURIOUS MINDS, LLC, a limited liability company, and JANNETH LOPEZ, individually, and as a manager and owner of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Little Hands Curious Minds, LLC is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 901 N. 8th Street, Reading, Pennsylvania 19605. Defendant operates a day care center and preschool that provides custodial, educational and developmental services to preschool-age children at the same address, within the jurisdiction of this court.

3. Defendant Janneth Lopez ("Lopez") is the owner and manager of the company identified in paragraph 2. Lopez has directed employment practices and has directly or indirectly acted in the interest of Little Hands Curious Minds, LLC in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing weekly payroll, and supervising employees day-to-day.

4. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. At Little Hands Curious Minds, LLC, Defendants have employed and are employing employees in and about their place of business in connection with the operation of a day care center and preschool that provides custodial, educational, and developmental services to preschool-aged children. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Little Hands Curious Minds, LLC are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the Act.

6. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing employees responsible for the caring of children and other associated tasks in an enterprise engaged in commerce or in the production of goods for commerce and compensating these employees at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least September 14, 2014, through at least September 13, 2017, Defendants failed to pay employees for all hours worked, including time spent performing normal work duties and time spent participating in mandatory staff meetings and training sessions. Defendants also required employees to pay the cost of certain trainings. As a result of that uncompensated time and those improper deductions, Defendants failed to pay employees the applicable minimum wage for all hours worked during some workweeks.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least September 14, 2014, through at least September 13, 2017, Defendants failed to compensate their employees, including employees responsible for the caring of children and other associated tasks, who worked over 40 hours in a workweek one and one-half times their regular rate. Workweeks for many of these employees

regularly exceeded 40 or 50 hours in a workweek, but these employees did not receive time and one-half their regular rate for their overtime hours. Defendants' failure to pay employees for certain hours worked, and for meetings and training, also resulted in overtime violations because that uncompensated time sometimes occurred during workweeks where employees worked over 40 hours.

8. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants' payroll records did not reflect payment for hours worked as shown on the timesheets, and Defendants failed to maintain records of hours worked at meetings and training sessions.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of September 14, 2013, through September 13, 2017, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the

attached Schedule A for violations continuing after September 13, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

s/ Adam F. Welsh
Adam F. Welsh
PA ID# 84988
Regional Counsel for Wage and Hour
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5159 (Phone)
(215) 861-5162 (Fax)
welsh.adam@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff